EDWARD HILLS, Respondent, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.

First Department, March 23, 1917.

Railroad — negligence — injury to passenger attempting to board elevated railroad train — erroneous charge as to duty of defendant.

Where in an action to recover for personal injuries there is an issue of fact as to whether the plaintiff had boarded a car on the defendant's elevated railroad and was knocked off by the closing of the platform gate after he had reached a place of safety, or whether he had attempted to board the car after the gate had closed and the train had started, it was error for the court to read to the jury section 138 (now section 239) of the Railroad Law which in substance provides that no elevated railroad train shall be permitted to start until every passenger from the platform or station who desires to board the car shall have done so and to charge specifically that it was the duty of the railroad company to wait until every passenger had boarded the car.

This, because, while the charge accurately stated the defendant's statutory duty, it had no bearing on any question before the jury, for even if the defendant's guard had closed the gate before all passengers had boarded the car, it would not free a passenger who then attempted to board it from an imputation of contributory negligence.

APPEAL by the defendant, Interborough Rapid Transit Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of September, 1916, upon the verdict of a jury for $5,000, later reduced by the court to $2,500, and also

*B. H. Ames,* for the appellant.

*Garrard Glenn,* for the respondent.

SCOTT, J.:

We are of the opinion that the verdict is against the evidence both upon the question of defendant's negligence and upon that of plaintiff's contributory negligence. As the cause will have to be retried, it would serve no useful purpose to discuss the evidence in detail.

One objection is made to the charge, which we refer to because the same question may arise on a retrial. The principal question of fact in the case was whether plaintiff had boarded the defendant's car upon an elevated railway but had not reached a place of safety when he was knocked off by the closing of the platform gate or whether he had attempted to board the car after the gate had been closed and the train started. In his requests to charge counsel for the plaintiff read what purported to be, but which was the substance of, section 138 of the Railroad Law, as follows: "No train on such elevated railroad shall be permitted to start until every passenger from the platform or station at which such train has stopped, who desires to board such car, shall have boarded said car," and the court said, "I so charge;" and specifically charged that it was the duty of the railroad to wait until every passenger had boarded the car. (See Railroad Law [Gen. Laws, chap. 39; Laws of 1890, chap. 565], § 138; now Railroad Law [Consol. Laws, chap. 49; Laws of 1910, chap. 481], § 239.) This was undoubtedly a correct statement of defendant's statutory duty, but it had no bearing upon the question before the jury. Even if the guard had, in violation of the statute, closed the gate before every passenger had boarded the car, it would not have freed a passenger who attempted to board after the gate had been closed from the imputation of negligence. The charge was calculated to mislead the jury and may have contributed to the verdict.

The judgment and order appealed from are reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and SHEARN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.